## UNITED STATES DISTRICT COURT
### FOR THE
## DISTRICT OF MASSACHUSETTS

AMY GOOTT and                      )
EUGENE GOOTT,                  )
                                        )

                Plaintiffs        )
                                        )

v.                                  )          Civil Action No.:
                                        )

                                        )
LEFT BANK GALLERY, INC.;        )
LEFT BANK GALLERY OF ORLEANS, INC.;   )
NEW ENGLAND CLAM PRODUCTS, INC.;   )
AUDREY S. PARENT;              )
GERALD E. PARENT;     and        )
JOHN P. CLARK,                 )
                                        )
                Defendants.    )

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### NATURE OF THE ACTION

1.      The Plaintiffs, Amy and Eugene Goott, bring this action against the Defendants, Left Bank Gallery, Inc.; Left Bank Gallery of Orleans, Inc.; New England Clam Products, Inc.; Audrey S. Parent; Gerald E. Parent; and John P. Clark. This action arises out of the negligence, carelessness and statutory violations of said Defendants, as well as their reckless conduct, that caused the Plaintiffs' injuries when they were struck by a motor vehicle.

### THE PARTIES

2.      The Plaintiff, Amy Goott, is an individual residing in Bethesda, Maryland.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

3.     The Plaintiff, Eugene Goott, is an individual residing in Bethesda, Maryland.

4.     On August 18, 2012, and at all times relevant herein, the Defendant, Left Bank Gallery, Inc. [hereinafter "Left Bank Gallery"], was and is a Massachusetts corporation existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 1 West Main Street, Wellfleet, Massachusetts.

5.     On August 18, 2012, and at all times relevant herein, the Defendant, Left Bank Gallery of Orleans, Inc. [hereinafter "Left Bank Gallery of Orleans"], was and is a Massachusetts corporation existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 8 Cove Road, Orleans, Massachusetts.

6.     On August 18, 2012, and at all times relevant herein, the Defendant, New England Clam Products, Inc. [hereinafter "New England Clam Products"], was and is a Massachusetts corporation existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 125 Bittersweet Farm Road, P.O. Box 700, Wellfleet, Massachusetts.

7.     On August 18, 2012, and at all times relevant herein, the Defendant, Audrey S. Parent, was and is an individual residing in Wellfleet, Massachusetts.

8.     On August 18, 2012, and at all times relevant herein, the Defendant, Gerald E. Parent, was and is an individual residing in Wellfleet, Massachusetts

9.     On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was and is an individual residing in Truro, Massachusetts.

**JURISDICTION AND VENUE**

2

10.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332(a) because there is complete diversity between the parties and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

11.     Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §1391 (b) because a substantial part of the events giving rise to this action occurred in this District.

## FACTS

12.     On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was operating a motor vehicle owned by the Defendant, Audrey S. Parent.

13.     On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was operating said motor vehicle with the knowledge, permission and authority of the Defendant, Audrey S. Parent.

14.     On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was operating a motor vehicle owned by the Defendant, Gerald E. Parent.

15.     On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was operating said motor vehicle with the knowledge, permission and authority of the Defendant, Gerald E. Parent.

16.     On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was operating a motor vehicle owned by the Defendant, Left Bank Gallery.

17.     On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was operating said motor vehicle with the knowledge, permission and authority of the Defendant, Left Bank Gallery.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

18.    On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was operating a motor vehicle owned by the Defendant, Left Bank Gallery of Orleans.

19.    On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was operating said motor vehicle with the knowledge, permission and authority of the Defendant, Left Bank Gallery of Orleans.

20.    On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was operating a motor vehicle owned by the Defendant, New England Clam Products.

21.    On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was operating said motor vehicle with the knowledge, permission and authority of the Defendant, New England Clam Products.

22.    On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was an agent, servant and/or employee of the Defendant, Audrey S. Parent, and was acting within the course of his employment.

23.    On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was an agent, servant and/or employee of the Defendant, Gerald E. Parent, and was acting within the course of his employment.

24.    On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was an agent, servant and/or employee of the Defendant, Left Bank Gallery, and was acting within the course of his employment.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street ● P.O. Drawer 1430 ● New London, CT 06320 ● Tel. (860) 442-0444 ● Juris No. 102515

25.     On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was an agent, servant and/or employee of the Defendant, Left Bank Gallery of Orleans, and was acting within the course of his employment.

26.     On August 18, 2012, and at all times relevant herein, the Defendant, John P. Clark, was an agent, servant and/or employee of the Defendant, New England Clam Products, and was acting within the course of his employment.

27.     On August 18, 2012, the Defendant, John P. Clark, was operating said motor vehicle on Cove Road in Wellfleet, Massachusetts when, suddenly and without warning, he drove that vehicle into the Plaintiffs, Amy Goott and Eugene Goott, who were walking on the side of said road, causing them injuries and damages hereinafter stated.

## FIRST COUNT: NEGLIGENCE

1-27.   Paragraphs one (1) through twenty-seven (27) of the Complaint are hereby reincorporated and re-alleged as paragraphs one (1) through twenty-seven (27) of the First Count as though fully set forth in the First Count.

28.     The injuries and damages sustained by the Plaintiffs, Amy Goott and Eugene Goott, were proximately caused by the negligence and carelessness of the Defendant, John P. Clark, in that he:

  a. Failed to turn or stop said motor vehicle so as to avoid colliding with pedestrians, including the Plaintiffs, in violation of Chapter 90, Section 14 of the Massachusetts General Laws;

  b. Failed to apply the brakes in a timely manner so as to avoid the Plaintiffs in violation of Chapter 90, Section 14 of the Massachusetts General Laws;

  c. Failed to apply the brakes before stopping said vehicle in violation of Chapter 90, Section 14B of the Massachusetts General Laws;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

d.  Failed to keep a proper lookout and was inattentive in violation of Chapter 90, Section 7 of the Massachusetts General Laws;

e.  Failed to keep said motor vehicle under reasonable and proper control in violation of Chapter 90, Section 7 of the Massachusetts General Laws;

f.  Failed to equip or maintain said motor vehicle with adequate brakes in violation of Chapter 90, Section 7 of the Massachusetts General Laws;

g.  Failed to equip or maintain said motor vehicle with an adequate horn in violation of Chapter 90, Section 7 of the Massachusetts General Laws;

h.  Failed to operate said motor vehicle at a reasonable rate of speed in violation of Chapter 90, Section 17 of the Massachusetts General Laws;

i.  Operated said vehicle at an unreasonable rate of speed having no regard for the traffic conditions then and there existing in violation of Chapter 90, Section 17 of the Massachusetts General Laws;

j.  Operated said motor vehicle recklessly without having regard to the width, traffic, pedestrian traffic and use of said roadway in violation of Chapter 90, Section 18A of the Massachusetts General Laws;

k.  Failed to grant the right of way to the Plaintiffs in violation of Chapter 90, Section 18A of the Massachusetts General Laws;

l.  Failed to sound his horn or otherwise warn the Plaintiffs in violation of Chapter 90, Section 14 of the Massachusetts General Laws;

m. Operated said motor vehicle while using a mobile telephone, or other handheld device capable of accessing the internet, to manually compose, send or read an electronic message while operating a motor vehicle in violation of Chapter 90, Section 13B of the Massachusetts General Laws;

n.  Operated said motor vehicle negligently on a public way so as to endanger the lives or safety of the public, including the Plaintiffs, in violation of Chapter 90, Section 24(2)(a) of the Massachusetts General Laws;

o.  Operated said motor vehicle recklessly on a public way so as to endanger the lives or safety of the public, including the Plaintiffs, in

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

violation of Chapter 90, Section 24(2)(a) of the Massachusetts General Laws;

p.  Failed to turn or stop his motor vehicle so as to avoid a collision with pedestrians, including the Plaintiffs;

q.  Failed to apply the brakes in a timely manner so as to avoid the Plaintiffs;

r.  Failed to apply the brakes before stopping his vehicle;

s.  Failed to keep a proper lookout and was inattentive;

t.  Failed to keep said motor vehicle under reasonable and proper control;

u.  Failed to equip or maintain said motor vehicle with adequate brakes;

v.  Failed to equip or maintain said motor vehicle with an adequate horn;

w.  Failed to operate said motor vehicle at a reasonable rate of speed;

x.  Operated his motor vehicle at an unreasonable rate of speed having no regard for the traffic conditions then and there existing;

y.  Operated his motor vehicle recklessly without having regard to the width, traffic, pedestrian traffic and use of the roadway;

z.  Failed to grant the right of way to the Plaintiffs;

aa. Failed to sound his horn or otherwise warn the Plaintiffs;

bb. Operated his motor vehicle while using a mobile telephone, or other handheld device capable of accessing the internet, to manually compose, send or read an electronic message while operating a motor vehicle;

cc. Operated his motor vehicle negligently on a public way so as to endanger the lives or safety of the public, including the Plaintiffs;

dd. Operated his motor vehicle recklessly on a public way so as to endanger the lives or safety of the public, including the Plaintiffs; and

ee. Struck the Plaintiffs as they were walking down the street.

29.  As a result of the negligence, carelessness and statutory violations of said

7

Defendant, the Plaintiff, Amy Goott, sustained multiple injuries to the body including, but not limited to, the ribs, spine, shoulder, and head, fractures, bruises, abrasions and lacerations to the body, pain to the body including, but not limited to, the head, shoulders, arms, hips, pelvis, and back, dizziness, difficulty sleeping, and difficulty walking without assistance. The Plaintiff was taken from the scene by ambulance, hospitalized and was required to undergo medical care and treatment including, but not limited to, orthopedic treatment, diagnostic tests, x-rays, MRIs, physical therapy, rehabilitative treatment, and pain management as a result of said injuries. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future, including the possibility of surgery. In addition, she suffered, and will in the future continue to suffer, great physical and mental pain and severe emotional distress and has been and will in the future be unable to participate in many of the activities in which she engaged prior to said incident.

30.    As a result of the negligence, carelessness, and statutory violations of said Defendant, the Plaintiff, Eugene Goott, sustained multiple injuries to the body including, but not limited to, the ribs and shoulders, fractures, bruises, abrasions and lacerations to the body, and pain to the body including, but not limited to, the ribs, shoulders and back. The Plaintiff was taken from the scene by ambulance, hospitalized and required to undergo medical care and treatment including, but not limited to, surgery, orthopedic treatment, physical therapy, diagnostic tests, CT scans, x-rays, MRIs, and pain management as a result of said injuries. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered, and will in the future continue to suffer, great physical and mental

pain and severe emotional distress and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

31.     As a further result of the negligence, carelessness and statutory violations of said Defendant, the Plaintiffs, Amy Goott and Eugene Goott, both sustained permanent and disfiguring scarring which has caused and will in the future continue to cause them great humiliation and embarrassment.

32.     As a further result of the negligence, carelessness and statutory violations of said Defendant, the Plaintiffs, Amy Goott and Eugene Goott, were both required to spend various sums of money for hospital, medical care, treatment, x-rays, MRIs, diagnostic studies, prescription medications and devices necessitated by their injuries and will be obliged to spend further additional sums in the future for like services, all to their loss and damage.

33.     As a further result of the negligence, carelessness and statutory violations of said Defendant, the Plaintiffs, Amy Goott and Eugene Goott, both suffer an increased risk of future harm in that they have a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

34.     At all times mentioned herein, the Plaintiffs, Amy Goott and Eugene Goott, were both gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiffs lost time from their employment and thereby suffered economic loss in the form of past and future lost wages.

## SECOND COUNT:  COMMON LAW RECKLESSNESS

1-27.   Paragraphs one (1) through twenty-seven (27) of the Complaint are

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

hereby reincorporated and re-alleged as paragraphs one (1) through twenty-seven (27) of the Second Count as though fully set forth in the Second Count.

28.     The collision and resulting injuries and damages sustained by the Plaintiffs, Amy Goott and Eugene Goott, were directly and proximately caused by the recklessness of the Defendant, John P. Clark, in one or more of the following respects, in that he:

  a. Operated said motor vehicle recklessly without having regard to the width, traffic, pedestrian traffic and use of said roadway;

  b. Operated said motor vehicle recklessly on a public way so as to endanger the lives or safety of the public, including the Plaintiffs;

  c. Operated said motor vehicle recklessly without regard to pedestrians by backing said motor vehicle into a parking lot with conscious disregard for the safety of others when he knew or should have known that said roadway was traversed by many pedestrians, including the Plaintiffs;

  d. Operated said motor vehicle recklessly with conscious disregard for the safety of others by failing to apply his brakes in a timely manner to avoid colliding with pedestrians, including the Plaintiffs; and

  e. Operated said motor vehicle recklessly with conscious disregard for the safety of others by failing to sound his horn or otherwise warn the Plaintiffs that he was backing into an area that he knew or should have known was traversed by many pedestrians.

31.     Said reckless conduct was a substantial factor in causing the collision and the Plaintiffs' injuries and damages.

32.     As a result of the reckless conduct of said Defendant, the Plaintiff, Amy Goott, sustained multiple injuries to the body including, but not limited to, the ribs, spine, shoulder, and head, fractures, bruises, abrasions and lacerations to the body, pain to the body including, but not limited to, the head, shoulders, arms, hips, pelvis, and back, dizziness, difficulty sleeping, and difficulty walking without assistance. The Plaintiff was

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street ● P.O. Drawer 1430 ● New London, CT 06320 ● Tel. (860) 442-0444 ● Juris No. 102515

taken from the scene by ambulance, hospitalized and was required to undergo medical care and treatment including, but not limited to, orthopedic treatment, diagnostic tests, x-rays, MRIs, physical therapy, rehabilitative treatment, and pain management as a result of said injuries. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future, including the possibility of surgery. In addition, she suffered and will in the future continue to suffer great physical and mental pain and severe emotional distress and has been and will in the future be unable to participate in many of the activities in which she engaged prior to said incident.

33.    As a result of the reckless conduct of said Defendant, the Plaintiff, Eugene Goott, sustained multiple injuries to the body including, but not limited to, the ribs and shoulders, fractures, bruises, abrasions and lacerations to the body, and pain to the body including, but not limited to, the ribs, shoulders and back. The Plaintiff was taken from the scene by ambulance, hospitalized and required to undergo medical care and treatment including, but not limited to, surgery, orthopedic treatment, physical therapy, and pain management as a result of said injuries. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered, and will in the future continue to suffer, great physical and mental pain and severe emotional distress and has been and will in the future be unable to participate in many of the activities in which he engaged prior to said incident.

34.    As a further result of the reckless conduct of said Defendant, the Plaintiffs, Amy Goott and Eugene Goott, both sustained permanent and disfiguring scarring which has caused and will in the future continue to cause them great humiliation and embarrassment.

35.     As a further result of the reckless conduct of said Defendant, the Plaintiffs, Amy Goott and Eugene Goott, were both required to spend various sums of money for hospital, medical care, treatment, x-rays, MRIs, diagnostic studies, prescription medications and devices necessitated by their injuries and will be obliged to spend further additional sums in the future for like services, all to their loss and damage.

36.     As a further result of the reckless conduct of said Defendant, the Plaintiffs, Amy Goott and Eugene Goott, both suffer an increased risk of future harm in that they have a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

37.     At all times mentioned herein, the Plaintiffs, Amy Goott and Eugene Goott, were both gainfully employed and as a further result of said incident and the injuries resulting therefrom, the Plaintiffs lost time from their employment and thereby suffered economic loss in the form of past and future lost wages.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street ● P.O. Drawer 1430 ● New London, CT 06320 ● Tel. (860) 442-0444 ● Juris No. 102515

**WHEREFORE,** the Plaintiffs, Amy Goott and Eugene Goott, pray for relief against the Defendants as follows:

1)      Compensatory Damages in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate the Plaintiffs for all their injuries and damages, both past and present, together with interest;

2)      Special damages, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate the Plaintiffs for all their injuries and damages, both past and present including, but not limited to, past and future medical expenses, costs for past and future rehabilitation, lost income, permanent disability, pain and suffering, mental distress and loss of the ability to carry out all of life's activities;

3)      Punitive Damages;

4)      Attorneys fees, expert witness fees, expenses and costs;

5)      Pre-judgment and post-judgment interest in the maximum amount allowed by law; and

6)      Such relief as the Court deems necessary, just and proper.

## THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS ASSERTED IN THEIR COMPLAINT.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street ▪ P.O. Drawer 1430 ▪ New London, CT 06320 ▪ Tel. (860) 442-0444 ▪ Juris No. 102515

Respectfully Submitted,
AMY GOOTT AND EUGENE GOOTT
By their Attorney,

Dated: MAY 28, 2013

___/s/  Sarah A. McNeely_____
Sarah A. McNeely BBO# 685097
THE REARDON LAW FIRM, P.C.
160 Hempstead Street
P.O. Drawer 1430
New London, CT 06320
Tel:  (860) 442-0444
Fax: (860) 444-6445
Email: smcneely@reardonlaw.com